IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RONDA K. MARSH,

    Plaintiff,

v.                            Civil Action No. 5:12CV2
                                 (STAMP)
KIMBERLY L. LOWE,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**

I.  Background

On June 28, 2011, the plaintiff, Ronda K. Marsh, commenced this civil action by filing a complaint in the Circuit Court of Ohio County, West Virginia against the defendant, Kimberly L. Lowe. This case arises out of a motor vehicle accident that occurred on July 31, 2010 on National Road in Wheeling, West Virginia. The plaintiff alleges that the defendant negligently struck the rear of the vehicle in which she was a passenger. The plaintiff further alleges that the defendant was driving under the influence of alcohol and that she left the scene of the accident. As a result of the motor vehicle accident, the plaintiff claims that she suffered permanent injuries and she seeks judgment against the defendant in an amount that will fully and fairly compensate her for the injuries and damages that she sustained in the past and is reasonably certain to sustain in the future, as well as punitive damages, interest, and attorney's fees.

On December 1, 2011, the plaintiff filed an amended complaint in which she details her attempts to serve process upon the defendant. Specifically, the plaintiff states that because the defendant is no longer a resident of West Virginia, she filed an affidavit with the Ohio County Clerk's Office and served the defendant's agent, Progressive Casualty Insurance Co. ("Progressive"). (Am. Compl. ¶¶ 11; 13-14.) The plaintiff also states that she attempted, through the Secretary of State, to serve process upon the defendant at her out-of-state address via registered or certified mail. (Am. Compl. ¶ 12.) The case was removed to this Court on January 5, 2012.

Following removal, the plaintiff filed a motion to remand pursuant to 28 U.S.C. § 1446. In support of this motion, the plaintiff argues that the defendant is a fugitive from justice who cannot prove that she is a citizen of any state, and therefore, cannot prove diversity of citizenship. The plaintiff also argues that federal jurisdiction is lacking because the defendant has failed to prove that the amount in controversy exceeds $75,000.00.

The defendant filed a response on January 30, 2012, in which she argues that because she is a resident of Florida, she has met the first criteria for removal. The defendant's affidavit, attached to her response, states that she currently lives in Riviera Beach, Florida and that she intends to continue to reside

in Florida.  (Lowe Aff. 1.)  The defendant also contends that the amount in controversy exceeds $75,000.00.

Subsequently, the plaintiff filed a reply arguing that the defendant's affidavit stating that she intends to remain in Florida is legally deficient to prove domicile.  The plaintiff also argues that the letters attached to the defendant's response are insufficient to prove the requisite amount in controversy.  For the reasons set forth below, this Court grants the plaintiff's motion to remand.

## II.   Facts[1]

On July 31, 2010, the plaintiff was riding as a passenger in a vehicle driven by her daughter when the defendant collided with the rear of the vehicle and then fled the scene.  Shortly after the accident, the defendant was found by the police.  Initially, the defendant explained by damage to her vehicle by claiming that she hit a deer.  (Pl.'s Mot. to Remand Ex. A.)  However, upon further questioning, the defendant admitted that she had been drinking. Id.

The defendant was later arrested for driving under the influence of alcohol and leaving the scene of an accident.  Id. After posting bail, the defendant was released.  When she failed to

---

[1] For the purpose of deciding this motion to remand, this Court considers the facts as set forth by the plaintiff, as the defendant's response to the motion to remand does not include a statement of facts.

3

appear for her trial in July 2011, a capias was issued. <u>Id.</u> As of the filing of the plaintiff's motion to remand, the defendant was still at large.

After filing her complaint, the plaintiff attempted service at the defendant's address in Wheeling, West Virginia. Certified mail was returned with a notation that the defendant no longer resided there and had left no forwarding address. The plaintiff then hired a private investigator, and through his efforts, obtained information that the defendant had moved to Florida. However, when service was attempted at the Florida address, it was returned unclaimed. In December 2011, the plaintiff took steps to serve the defendant through her liability insurer, Progressive, pursuant to West Virginia Code Section 56-3-31(f).

### III. <u>Applicable Law</u>

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. <u>See</u> <u>Mulcahey v. Columbia Organic Chems. Co., Inc.</u>, 29 F.3d 148, 151 (4th Cir. 1994).

Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand.  Id.

IV.  Discussion

In support of her motion to remand, the plaintiff argues that federal jurisdiction is lacking because the removing party has failed to prove that the amount in controversy exceeds $75,000.00. According to the plaintiff, the defendant's notice of removal simply alleges that the amount in controversy exceeds $75,000.00, but does not provide any proof in support of that contention.

In her response, the defendant references a letter dated May 25, 2011 sent from counsel for the plaintiff to the Progressive insurance adjuster assigned to this case.  In this letter, counsel for the plaintiff expressed his hope that Progressive would be prepared to tender $300,000.00, the defendant's coverage limit, in return for his client's agreement to execute a release fully and forever absolving the defendant from any and all liability arising out of the July 31, 2010 collision.  (Def.'s Resp. Ex. C.)  The defendant argues that the May 25, 2011 letter, along with the plaintiff's rejection of a $35,000.00 offer made on June 14, 2011 and silence regarding the defendant's current offer of $75,000.00, provide ample evidence that both parties believe the amount in controversy to be in excess of $75,000.00.  (Def.'s Resp. Ex. B and Ex. D.)

5

In her reply, the plaintiff contends that because the Court is limited to examining evidence available at the time of removal, the Court must disregard the January 27, 2012 letter from counsel for the defendant offering $75,000.00 to settle the case. (Def.'s Resp. Ex. B.) Further, the plaintiff argues that the other two letters cannot be relied upon as a true indicator of case value, as these letters are not demand letters. Instead, they merely express plaintiff counsel's hope that the defendant's insurer would pay its limits of coverage.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. Mulcahey, 29 F.3d at 151. This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 23 (S.D. W. Va. 1994). In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. Id.

In this case, the January 27, 2012 letter from defense counsel cannot be considered by this Court as evidence of the amount in

controversy as it was not sent until after the notice of removal had been filed. See McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001) ("[T]he amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal."); see also JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010) (stating that jurisdiction turns on the good faith allegation in the complaint of an adequate jurisdictional amount). Thus, this Court may only consider the May 25, 2011 and August 15, 2011 letters from the plaintiff's counsel. The May 25, 2011 letter provides the amount of some of the plaintiff's medical bills and requests that Progressive tender the coverage limit of $300,000.00 in return for the plaintiff's agreement to execute a release absolving the defendant from any liability arising out of the July 31, 2010 collision. The August 17, 2011 letter reiterates that the plaintiff is prepared to accept the policy limit available to indemnify the defendant as full settlement of her claims.

    This Court finds that these letters are insufficient to prove that the amount in controversy exceeds $75,000.00. In fact, these letters do little more than express the plaintiff's hope that the defendant's insurer will be willing to pay its limits of coverage. Even if these letters were treated as settlement demands, this Court has recognized that demands are of limited value in determining the amount in controversy. See Contraquerro v. Hall,

No. 5:06CV150, 2007 WL 1381394, at *2 (N.D. W. Va. May 8, 2007) ("Although settlement offers are not often determinative of the amount in controversy, they do count for something."). These letters, without more, do not meet the defendant's burden of establishing the amount in controversy. Instead, the letters require this Court to speculate as to the value of the plaintiff's case. Thus, the plaintiff's motion to remand must be granted.

Because the defendant has failed to prove that the amount in controversy exceeds $75,000.00, this Court need not discuss whether diversity of citizenship exists.

## V. Conclusion

For the reasons stated above, the plaintiff's motion to remand (ECF No. 5) is GRANTED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:        February 10, 2012

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE